| Case No. | CV 18-3397 FMO (ASx) | Date | July 2, 2018 |
|---|---|---|---|
| Title | C&SM Int'l v. Zulily, LLC, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge |
|---|---|
| Vanessa Figueroa | None Present |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Re: Dismissal For Lack of Personal Jurisdiction and/or Improper Venue

On April 23, 2018, plaintiff C&SM International, ("plaintiff"), filed a Complaint alleging causes of action for direct, vicarious, and contributory copyright infringement pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq., against defendants Zulily, LLC, ("Zulily"), JollyChic, Inc., ("JollyChic"), Haiyan Li, ("Li"), and Anjanette Learson Joseph d/b/a Plus One Boutique, ("Joseph"), (collectively, "defendants"). (See Dkt. 1, Complaint). Plaintiff is a foreign corporation, (see Dkt. 1, Complaint at ¶ 4), that does not appear to have registered with the California Secretary of State pursuant to California Corporations Code § 2105. See C&SM Int'l v. Wholesalefashionsquare.com, Inc., 2018 WL 2213453, *3 (C.D. Cal. 2018). Zulily is incorporated in Washington and has its principal place of business in Tumwater, Washington; JollyChic is incorporated in California and has its principle place of business in Newark, California; Li, an individual residing in Balentine, California, is JollyChic's owner and principal; Joseph is an individual residing in Destrehan, Louisiana. (See Dkt. 1, Complaint at ¶¶ 5-8). On June 22, 2018, JollyChic and Li filed their respective answers to the Complaint and specifically denied that venue was proper under 28 U.S.C. §§ 1391(c) and 1400(a). (See Dkt. 31, "JollyChic's Answer" at ¶ 3; Dkt. 32, "Li's Answer" at ¶ 3).

"[F]or claims of copyright infringement[,] venue is proper in the district in which the defendant or his agent resides or may be found. The Ninth Circuit interprets [28 U.S.C. § 1400] to allow venue in any judicial district in which the defendant would be amenable to personal jurisdiction if the district were a separate state." Adobe Systems Incorporated v. Blue Source Group, Inc., 125 F.Supp.3d 945, 959 (N.D. Cal. 2015) (internal citations and quotation marks omitted).

Here, the Complaint does not allege any facts to support the court's exercise of specific and/or general personal jurisdiction over any of the defendants in the Central District of California. (See, generally, Dkt. 1, Complaint). It is also unclear whether plaintiff remains a foreign corporation that is not authorized to transact business in California pursuant to California Corporations Code § 2105. See C&SM, 2018 WL 2213453, at *3. Accordingly, IT IS ORDERED that:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3397 FMO (ASx) | Date | July 2, 2018 |
|---|---|---|---|
| Title | C&SM Int'l v. Zulily, LLC, et al. | | |

    1. No later than **July 9, 2018**, plaintiff shall show cause in writing why this action should not be dismissed for lack of personal jurisdiction and/or improper venue, and shall specifically address the concerns raised above. Furthermore, plaintiff shall indicate whether it remains an unregistered foreign corporation pursuant to California Corporations Code § 2105, and if appropriate, file proof thereon.

    2. Pursuant to Fed. R. Civ. P. 78(b), the court finds that this matter is appropriate for submission without oral argument. The Order to Show Cause will stand submitted upon the filing of plaintiff's response. **Failure to file a timely response to this Order to Show Cause may result in the action being dismissed for lack of personal jurisdiction, improper venue, and/or failure to comply with the orders of the court.**

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |